UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. ANDERSON, Plaintiff | 4:23-cv-4036 |
| vs. | MEMORANDUM OPINION AND ORDER OF DISMISSAL |
| IDAHO HOUSING AND FINANCE ASSOCIATION, et al Defendants | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's pro se Complaint, (Doc.1, 1-1), and their request for attorneys' fees. (Doc. 8). Plaintiff has filed documents expanding on his complaint (Doc. 5, 6, 9, 10, 11, 12, 12-1). He filed additional documents in response to the motion to dismiss, including a motion to intervene, notice of exhibits, and motion to strike a "note," combined with a brief in opposition to the motion to dismiss. (Doc. 16, 17, 18). For the following reasons the Court grants Defendants' motion to dismiss all claims.

**BACKGROUND**

Plaintiff's initial complaint alleges Defendants are attempting to deprive him of property to which they are not entitled. (Doc. 1, PgID 6). Plaintiff alleges the Defendants are preventing him from assigning his property to his heirs in trust, and

that they are not the true holders of the promissory note and deed of trust (Id.).
Plaintiff claims he has title to the property, that there was an improper assignment
of it, and that Defendants are keeping him "in a state of involuntary servitude and
peonage and not discharging debt per UCC codes." (Id.). He seeks either
$200,000 or $10,000 in damages. (Id.). In a second document apparently attached
to the Complaint and filed with it, (Doc. 1-1, PgID 7-13), Plaintiff asserts
Defendants have engaged in unconscionable conduct, have not proved they are the
real party in interest, and "have conspired to deceive and misrepresent facts," (id.,
PgID12), thus entitling Plaintiff to $250,000 in damages.

Plaintiff's Amended Complaint dismisses one Defendant, adds one, and lists
the causes of action as "Lack of Standing to foreclose, Fraud in the concealment,
Fraud in the inducement, Intentional Infliction of emotional distress, Violations of
the TILA under Reg. Z, Failure to produce the original negotiable instrument,
Quiet title, Declaratory relief and Recission." (Doc. 5, PgID 18). Plaintiff
apparently intends that the amended complaint be added to, and not replace, the
original complaint and its attachment. Plaintiff also filed a document he entitled
"supplement of Complaint and request for injunction," (Doc. 12), and attached an
additional complaint, (Doc. 12-1). He filed documents including a motion for
consideration, (Doc. 10), and notice of lis pendens, (Doc. 9, 11). In response to
Defendants' motion to dismiss, Plaintiff filed additional documents, including a

2

motion to intervene using a different spelling of his name, (Doc. 16), a list of
exhibits, (Doc. 17), and a combined motion to strike a "note" and a brief in
opposition to the motion to dismiss. (Doc. 18). The latter demands the "wet ink"
signature previously demanded, (id., PgID 133); withdraws his name as a signator
on documents, (id., PgID 136); alleges fraud by Defendants in using his identity
which he was given fraudulently in connection with obtaining a Social Security
number as an infant, (id., PgID 143); and challenges the monetary system of the
United States in connection with his claim of involuntary servitude and peonage,
(id., PgID 141).

This case arises in connection with a mortgage held by Defendants. (Doc. 8,
PgID 55-56). Plaintiff has attached to his "notice of lis pendens," (Doc. 9),
HomeLoanServ's notice to Plaintiff of his default on his mortgage payments. (Doc
9-1, PgID 94). Plaintiff alleges he "is fearful of the defendants foreclosing on this
property without having to show they have an actual interest in the property or if
lawful." (Doc. 1, PgID 6). Plaintiff further alleges the title is "under a cloud,"
(Doc. 5, PgID 20), because it was assigned to a third party "who cannot produce
the original promissory note." (Id.). Plaintiff cites to various provisions of the
South Dakota Uniform Commercial Code at S.D.C.L. Ch. 57A-3. (Id., PgID 25).
He appears to assert he has created a trust of himself by refashioning his name.
(Id., ¶ 36). He supplies several citations to Scripture and to legal maxims, in

3

addition to legal authority such as the Truth in Lending Act and Fair Debt Collection Practices Act. (Id., PgID 26). He alleges identity theft because his "identity has been stolen, misused, slandered, pillaged, robbed, etc, etc, without the knowledge of the plaintiff for 60 years." (Id., PgID 31, ¶ 58). He asserts the United States "is by definition, a 'Corporation' subject to the 10 square miles of Washington, D.C. … and [plaintiff] has taken himself out of that jurisdiction where someone placed him in that jurisdiction by what the plaintiff describes as the fraudulent inducement." (Id., PgId 31, ¶ 60). Plaintiff states he is "an American State National." (Id., PgID 32, ¶ 63).

In twenty-four Counts, Plaintiff lists federal statutory citations without further explanation as "allegations and violations." (Doc. 5, PgID 32-35). His prayer for relief demands "the original wet ink signatures of the promissory note for the plaintiffs [sic] inspection. No copies accepted". (Id., PgID 35). He appears to demand an accounting and inspection of documents sent to Defendants. (Id.). He demands return of funds and compensation to the trust he created. (Id.). He declares the Complaint is executed "without the United States," apparently meaning he considers himself to be outside of the United States despite his residence in Sioux Falls, South Dakota. (Id., PgID 36). As previously noted, he demands substantial damages.

**LEGAL STANDARD**

4

a. Motion to Dismiss

Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). To avoid dismissal under Rule 12(b)(6), the plaintiff must have included in the complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Accord, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). See also *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state plausible claim for relief). As the Court considers a Motion to Dismiss, it must assume all facts alleged in the complaint are true. *Schreiner v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008); *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). See also *Yankton Sioux Tribe v. U.S. Dept. of Health & Human Services,* 496 F. Supp. 2d 1044 (D.S.D. 2007). Although the Court should grant the Motion to Dismiss only in the "unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," it is a requirement that the complaint "contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F. 3d 667, 671 (8th Cir. 1995). See also *Schaaf*, 517 F.3d at 549. While conclusory statements are insufficient, well-pleaded factual allegations should be deemed true and the District Court should proceed to determine whether

plaintiff is entitled to relief. *Drobnak v. Anderson Corp.*, 561 F.3d 778 (8th Cir. 2008). In doing so, the court may consider "materials that are necessarily embraced by the pleadings." *Schreiner*, 774 F.3d at 444.

In a case such as this where a plaintiff is proceeding pro se, the complaint "is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Furthermore, a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). See also *Federal Exp. Corp. v, Holowecki*, 552 U.S. 389, 402 (2008). It is also the case, however, that "a court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded." *Johnson v. Kaemingk*, 381 F. Supp. 3d 1104, 1110 (D.S.D. 2019) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

Defendants also have moved to dismiss pursuant to F.R.C.P. 12(b)(1), alleging lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). For dismissal under Rule 12(b)(1), "the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). See also *Roemen v. United States*, 2022 WL 4482883, *7 (D.S.D. 2022). In a facial challenge, the factual allegations are presumed true "and the motion is successful if plaintiff fails to allege an element necessary for jurisdiction." *Id.* If an attack is

6

factual, the court may consider additional evidence such as affidavits and depositions. *Id.* See generally, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §1350 (3d ed., April 2023 update).

   . b. Pleading requirements

   .Rule 8(a)(2) directs that plaintiff's claim for relief must consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 8(d)(1) instructs that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). As noted above, the complaint must include facts that show the claim "is plausible on its face" to satisfy Rule 8's requirements. *Ashcroft*, 556 U.S. at 678-79. See also *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1014 (8th Cir. 2015).

When a plaintiff alleges fraud, Rule 9(b) imposes additional requirements. The Rule provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading fraud with particularity means the plaintiff must supply sufficient information about the fraudulent conduct to enable the defendant to "respond specifically and quickly" to defend against the allegations. *United States ex rel Strubbe v. Crawford Cnty. Mem. Hosp.*, 915 F.3d 1158, 1163 (8th Cir. 2019). As the court described in affirming the dismissal of a fraud claim, "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of

the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 898 (8th Cir. 2014) (quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir.2006)). The Eighth Circuit has noted in several cases that this means the plaintiff must plead "the who, what, where, when, and how" of the allegations of fraud. See, e.g., *Ascente Business Consulting, LLC v. DRmyCommerce,* 9 F.4th 839, 845 (8th Cir 2021); *Ambassador Press, Inc. v. Durst Image Tech., U.S., LLC,* 949 F.3d 417, 421 (8th Cir. 2020); *Joshi,* 441 F.3d at 556.

A final requirement is that when a court sits in diversity, it must apply federal pleading requirements "to state substantive law to determine if a complaint makes out a claim under state law." *Ambassador Press, Inc.*, 949 F.3d at 421 (quoting *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013)). In South Dakota, a claim of intentional infliction of emotional distress requires proof of the following: "(1) an act by the defendant amounting to extreme and outrageous conduct; (2) intent on the part of the defendant to cause the plaintiff severe emotional distress; (3) the defendant's conduct was the cause in-fact of plaintiff's distress; and (4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct." *Harvey v. Regional Health Network, Inc.*, 906 N.W.2d 382, 394 (S.D. 2018) (quoting *Anderson v. First Century Fed.*

*Credit Union*, 738 N.W.2d 40, 51-52 (S.D. 2007)).  See also *Fix v. First State Bank of Roscoe*, 807 N.W.2d 612, 618 (S.D. 2011).

    c. Allegations concerning Truth in Lending Act and Fair Debt Collection Practices Act

       1--Truth in Lending Act

The Truth in Lending Act and "Regulation Z" which implements the Act, provide that certain disclosures must be made to consumers who are engaged in credit transactions with lenders.  15 U.S.C. § 1601; 12 C.F.R. 226.1.  The Eighth Circuit acknowledged that Congress's purpose in enacting the statute was "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit."  *Keiran v. Home Capital, Inc.*, 858 F.3d 1127, 1130 (8th Cir. 2017) (quoting 15 U.S.C. § 1601(a)). As pertinent to the case before the Court, the Act sets out a statute of limitations of "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

       2--Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute provides a list of sixteen examples of practices which violate the Act. *Id.* "Unfair Practices" are delineated

at 15 U.S.C. § 1692f. A one-year statute of limitations applies to claims under the Act. 15 U.S.C. § 1692k(d). In *Mattson v. U.S. West Communications,* the Eighth Circuit discussed the ramifications of failure to bring suit within the time period authorized in the statute and held the statute of limitations established in § 1692k(d) is jurisdictional. 967 F.2d 259, 262 (8th Cir. 1992) (noting the court is "not at liberty to disregard the jurisdictional limitations Congress has placed upon the federal courts").

## ANALYSIS

### a. Motion to Dismiss

Plaintiff alleges he is being deprived of his property because Defendants have prevented him from transferring his property to himself in a trust. The documents attached as Exhibits to Defendants' motion to dismiss establish that Plaintiff is not permitted under the terms of the mortgage to make such a transfer. (Doc. 8-1, PgID 68). Plaintiff also alleges some type of misconduct in connection with the lender's transfer of the mortgage but that, too, is permitted by the mortgage agreement. (Id., PgID 66). In any case, Plaintiff has failed to establish unconscionable conduct by Defendants or any other misconduct that would give rise to the damages Plaintiff seeks. Plaintiff has failed to allege any claim upon

which this Court can grant relief with respect to the mortgaged property, and therefore the Court dismisses Plaintiff's claims. (Doc. 1, 1-1, 5, 12, 12-1).

Likewise, Plaintiff's claims of "Lack of Standing to foreclose, Fraud in the concealment, Fraud in the inducement, Intentional Infliction of emotional distress, Violations of the TILA under Reg. Z, Failure to produce the original negotiable instrument, Quiet title, Declaratory relief and Recission," (Doc. 5), are vague assertions of misconduct without a basis. The lengthy recitations in this "amended complaint," fail to assert any claim upon which the Court could grant relief, and therefore, the Court dismisses Plaintiff's claims.

Plaintiff has listed supposed violations by Defendants of twenty-four provisions of federal law, including violations of criminal law, all without explanation or recitation of facts in support. (Doc. 5, PgID 32-35). All of these claims are dismissed for failure to state a claim under Rule 12(b)(6), Rule 12(b)(1), and Rule 8.

Plaintiff has moved to intervene as the alternative identity he has established for himself, using his own name but spelling it as "Douglas-E.:Anderson." (Doc. 16). Plaintiff filed this complaint as Douglas E. Anderson. He is a party to this action and the Court will not add any fictive identity of the Plaintiff to this case. Therefore, the Court denies his motion to intervene. (Doc. 16).

To the extent it applies to any of the mortgage documents in this case,
Plaintiff's effort to "rescind" his signature is ineffective. (Doc. 18, PgID 136).

b. Pleading Requirements

Many of Plaintiff's allegations dismissed under Rules 12(b)(1) and 12(b)(6)
also can be dismissed pursuant to Rules 8 and 9, and therefore, the Court evaluates
Plaintiff's claims under all possible rules. As such, there is no pleading or evidence
establishing identity theft in any manner, and in particular, nothing to establish any
connection of Defendants to Plaintiff's assertion that his identity was "stolen" 60
years ago. (Doc. 5, PgID 31, ¶ 58; Doc. 18, PgID 143)). Plaintiff's lengthy
documents do not plead fraud with particularity or allege any other type of fraud
that presents a valid claim for relief. Plaintiff's version of "fraud" appears to be
his receiving a Social Security number as an infant. (Doc. 5, PgID 31; Doc. 18,
PgID 143). This is not fraud. Plaintiff has failed to allege any claim upon which
the Court can grant relief with respect to his claim of identity theft or other fraud,
and therefore the Court dismisses Plaintiff's claims. (Doc. 1, Doc. 1-1, Doc. 5,
Doc. 12, Doc. 12-1, Doc. 18).

There is no evidence that Defendants acted to intentionally inflict emotional
distress upon Plaintiff. (Doc. 5). Plaintiff alleges Defendants failed to respond to
his messages and extensive requests for information. These allegations fail to
satisfy the elements of intentional infliction of emotional distress. *Harvey,* 906

12

N.W.2d at 394. Plaintiff has not alleged sufficient facts to establish a claim of intentional infliction of emotional distress upon which the Court could grant relief, and therefore, the court dismisses Plaintiff's claims.

c. Truth in Lending Act and Fair Debt Collection Practices Act

Plaintiff has failed to file his claims under the Truth in Lending Act within the authorized period of time. The transaction date of July 6, 2018, as confirmed by Plaintiff's signature, (Doc. 8-1, PgID 66, 70, 90), establishes that any claim Plaintiff may have had pursuant to the Truth in Lending Act is barred by the one-year statute of limitations. 15 U.S.C. §1640(e). In addition, in the lengthy documents Plaintiff has filed, the Court can find no claim that proper notices under the Truth in Lending Act were not provided to Plaintiff. Plaintiff asserts "there was an improper assignment, transfer of property," (Doc. 1, PgID 6), but that does not state a violation of the Truth in Lending Act. In any event, Defendants' motion to dismiss includes Exhibit A, (Doc. 8-1, PgID 66), which advises the Borrower "that the Lender may transfer this note." The Court can find no basis for relief and dismisses Plaintiff's claims under the Truth in Lending Act. (Doc. 5).

With respect to the Fair Debt Collection Practices Act, Plaintiff's allegation seems to center on his claim that Defendants "are refusing to disclose the original note/deed of trust proving they are the real party in interest." (Doc. 1-1, PgID 12). This dovetails with his demand for the "wet ink signature" and the original

promissory note, "no copies accepted." (Doc. 5, PgID 133). To the extent this is Plaintiff's claim, it does not state a violation of the Fair Debt Collection Practices Act. Therefore, the Court dismisses any claim Plaintiff has brought pursuant to that Act.

Defendants have moved to dismiss the claim under the Fair Debt Collection Practices Act for failure to comply with the statute of limitations. (Doc. 8). Plaintiff alleged violations of the Act beginning in July 2018 and continuing to March 2023. (Doc. 1-1, PgID 12). However, the only information submitted to the Court concerning an effort to collect the mortgage debt was the document dated April 12, 2023, concerning foreclosure. (Doc. 9-1). There does not appear to be a bar based on the statute of limitations and the Court denies dismissal on that basis.

d. Request for Attorney Fees

Defendants have requested attorney fees pursuant to S.D.C.L. § 15-17-51, asserting Plaintiff's claims are frivolous or malicious. (Doc. 8, PgID 63). Defendants have not supplied sufficient information as to amount and justification for the Court to award attorney fees. Therefore, the Court denies Defendants' request for attorney fees.

**CONCLUSION**

Plaintiff has filed wide-ranging documents alleging fraud and other misconduct, including violations of consumer protection statutes. The Court

14

cannot construct a legal theory for Plaintiff or supply facts that would warrant relief. What Plaintiff has presented is insufficient in every respect to survive dismissal by this Court. Therefore, Defendants' motion to dismiss is granted, (Doc. 8), and Plaintiff's claims are dismissed with prejudice. (Doc. 1, 1-1 5, 12, 12-1). To the extent Plaintiff intends that his notices state claims for relief, they likewise are dismissed with prejudice. (Doc. 9, 10, 11, 17). Plaintiff's motions, (Doc. 16, 18), are denied. Defendants' request for attorney fees is denied. (Doc. 8).

Accordingly, IT IS ORDERED that:

1. Defendants' Motion to Dismiss is granted, (Doc. 8);

2. Defendants' request for attorney fees is denied, (Doc. 8);

3. Plaintiff's Complaint and supplemental documents are dismissed with prejudice, (Doc. 1, 1-1, 5, 9, 10, 11, 12, 12-1, 17);

4. Plaintiff's motions are denied. (Doc. 16, 18).

Dated this ___ day of June, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

15